# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-0930


**PLASTIC SURGERY ASSOCIATES**

**VERSUS**

**THE NACHER CORPORATION**


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DIST. 4
PARISH OF LAFAYETTE, NO. 06-02306
HONORABLE SAM LOWERY
WORKERS' COMPENSATION JUDGE


************

**JIMMIE C. PETERS**
**JUDGE**


************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.


**JUDGMENT VACATED AND REMANDED.**

**Lawrence N. Curtis**
**Lawrence N. Curtis, LTD.**
**P. O. Box 80247**
**Lafayette, LA 70598-0247**
**(337) 235-1825**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Plastic Surgery Associates**

**Mark L. Clark**
**Matthew L. Stedman**
**Brown Sims, P. C.**
**Poydras Center, Suite 2200**
**650 Poydras Street**
**New Orleans, LA 70130**
**(504) 638-8472**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **The Nacher Corporation**

PETERS, J.

The plaintiff, Plastic Surgery Associates (PSA), appeals from an judgment issued by the workers' compensation judge (WCJ), sustaining an exception of no subject matter jurisdiction filed by the defendants: The Nacher Corporation (Nacher) and its insurer, Ace American Insurance Company (Ace American). For the following reasons, we vacate the WCJ's judgment and remand the matter for further proceedings.

## DISCUSSION OF THE RECORD

This matter arises from a work-related injury suffered by a Nacher employee, Johnathan Goodie. As a part of the employee's medical care, Nacher authorized treatment by Dr. Russell C. Romero, a PSA associate. In all, the treatment rendered to Mr. Goodie by Dr. Romero, as authorized by Nacher and as calculated under the workers' compensation schedule [ La.R.S. 23:1034.2 and La.Admin. Code tit. 40, part I, § 2507], totaled $11,750.17. The payment to PSA for this treatment is the issue in this litigation.

On March 2, 2005, Mr. Goodie entered into a settlement agreement with Nacher and Ace American, not under the Louisiana Workers' Compensation Act, but pursuant to Section 8(i) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The settlement, which meticulously details Mr. Goodie's medical care and purports to satisfy all of his claims for compensation and medical treatment, provides a total settlement amount of $20,356.98 paid directly to Mr. Goodie. In breaking down the categories of the settlement, the settlement agreement stated that $5,354.76 of the total amount was for outstanding medical bills, $4,307.67 was for future medical treatment, and $4,300.22 was for legal representation. The parties to the settlement agreement submitted it to the District Director of the Seventh

Compensation District, U.S. Department of Labor, Office of Workers' Compensation Programs, Longshore and Harbor Workers' Compensation Act, who approved it.

Slightly over one year and one month later, on April 13, 2006, PSA filed a disputed claim for compensation against Nacher and its workers' compensation administrator, ESIS Insurance Company (ESIS),[1] seeking payment of the $11,750.17 owed for Mr. Goodie's medical treatment. It later amended its claim to add Ace American as a party defendant. Among the numerous filings by Nacher and Ace American in opposition to PSA's claim is the exception of no subject matter jurisdiction which is the subject of this appeal.

Nacher and Ace American filed their exception of no subject matter jurisdiction and attached a copy of the previously-approved Section 8(i) settlement agreement between Mr. Goodie, Nacher, and Ace American. Before PSA filed any response to the exception, the WCJ issued a judgment granting the exception and dismissing PSA's claim. PSA has appealed this judgment.

**OPINION**

We find that the judgment of the WCJ should be vacated and the matter remanded to the Office of Workers' Compensation for further proceedings.

Louisiana Code of Civil Procedure Article 929 provides that declinatory exceptions, "when pleaded before or in the answer *shall be tried* and decided in advance of the trial of the case." La.Code Civ.P. art. 929(A) (emphasis added). In the matter before us, the WCJ decided the issue without holding a hearing and giving PSA an opportunity to be heard. Thus, the WCJ's dismissal of PSA's claim is an improper *ex parte* order. Because Article 929 requires a hearing to determine the

---

[1]The WCJ subsequently dismissed ESIS as a party defendant, leaving only Nacher and Ace American as defendants.

2

merits of a declinatory exception prior to a trial on the merits of the matter, we find that the WCJ improperly granted judgment in this matter. Accordingly, we vacate the WCJ's judgment and remand the matter so that a hearing may be held to decide the merits of the declinatory exception of no subject matter jurisdiction.

## DISPOSITION

For the foregoing reasons, we vacate the judgment of the workers' compensation judge and remand the matter for further proceedings. We assess all costs of this appeal to The Nacher Corporation and Ace American Insurance Company.

**JUDGMENT VACATED AND REMANDED.**